# REMOVAL TO FEDERAL COURT

## STATE COURT RECORD

STATE OF INDIANA

Johnson County Superior Court

41D04-2106-CT-000077

WILLIAM L. JENNINGS AND SHERRY JENNINGS

v.

JAMES L. SUMMERHILL, INDIVIDUALLY AND OAKLEY
TRUCKING, INC.

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## Sherry Jennings, William L. Jennings v. James L. Summerhill, Oakley Trucking, Inc.

| | |
|---|---|
| Case Number | 41D04-2106-CT-000077 |
| Court | Johnson Superior Court 4 |
| Type | CT - Civil Tort |
| Filed | 06/15/2021 |
| Status | 06/15/2021 , Pending  (active) |

## Parties to the Case

Defendant   Summerhill, James L.

Address
15300 Bauch Lane, Lot #1
Little Rock, AR 72206

Attorney
Robert R. Foos
*#2088545, Retained*

LEWIS & WAGNER, LLP
1411 Roosevelt Ave, Ste 102
Indianapolis, IN 46201
317-237-0500(W)

Defendant   Oakley Trucking, Inc.

Address
3700 Lincoln Avenue
North Little Rock, AR 72114

Attorney
Robert R. Foos
*#2088545, Retained*

LEWIS & WAGNER, LLP
1411 Roosevelt Ave, Ste 102
Indianapolis, IN 46201
317-237-0500(W)

Plaintiff    Jennings, Sherry

Address
59 N. Jefferson Street
Martinsville, IN 46151

Attorney
Stephen Andrew Oliver
*#994255, Retained*

59 N. Jefferson Street
Martinsville, IN 46151
765-342-0147(W)

Plaintiff    Jennings, William L.

Address
59 N. Jefferson Street
Martinsville, IN 46151

Attorney
Stephen Andrew Oliver
*#994255, Retained*

59 N. Jefferson Street
Martinsville, IN 46151
765-342-0147(W)

## Chronological Case Summary

| | |
|---|---|
| 06/15/2021 | **Case Opened as a New Filing** |

| 06/15/2021 | **Appearance Filed** |
|---|---|

Appearance for Stephen A. Oliver

| For Party: | Jennings, Sherry |
|---|---|
| For Party: | Jennings, William L. |
| File Stamp: | 06/15/2021 |

| 06/15/2021 | **Complaint/Equivalent Pleading Filed** |
|---|---|

Plaintiff's Complaint for Damages and Request for Jury Trial

| Filed By: | Jennings, Sherry |
|---|---|
| Filed By: | Jennings, William L. |
| File Stamp: | 06/15/2021 |

| 06/15/2021 | **Subpoena/Summons Filed** |
|---|---|

Summons to James L. Summerhill

| Filed By: | Jennings, Sherry |
|---|---|
| Filed By: | Jennings, William L. |
| File Stamp: | 06/15/2021 |

| 06/15/2021 | **Subpoena/Summons Filed** |
|---|---|

Summons for Oakley Trucking, Inc.

| Filed By: | Jennings, Sherry |
|---|---|
| Filed By: | Jennings, William L. |
| File Stamp: | 06/15/2021 |

| 06/15/2021 | **Motion to Answer Interrogatories Filed** |
|---|---|

Plaintiffs' First Set of Interrogatories to Defendant, James L. Summerhill

| Filed By: | Jennings, Sherry |
|---|---|
| Filed By: | Jennings, William L. |
| File Stamp: | 06/15/2021 |

| 06/15/2021 | **Motion Filed** |
|---|---|

Plaintiffs' Request for Production of Documents to Defendant, James L. Summerhill

| Filed By: | Jennings, Sherry |
|---|---|
| Filed By: | Jennings, William L. |
| File Stamp: | 06/15/2021 |

| 06/15/2021 | **Motion to Answer Interrogatories Filed** |
|---|---|

Plaintiffs' First Set of Interrogatories to Defendant, Oakley Trucking, Inc.

| Filed By: | Jennings, Sherry |
|---|---|
| Filed By: | Jennings, William L. |
| File Stamp: | 06/15/2021 |

---

| 06/15/2021 | **Motion Filed** |
|---|---|

Plaintiffs' Request for Production of Documents to Defendant, Oakley Trucking, Inc.

| Filed By: | Jennings, Sherry |
|---|---|
| Filed By: | Jennings, William L. |
| File Stamp: | 06/15/2021 |

---

| 06/28/2021 | **Appearance Filed** |
|---|---|

Appearance of Robert R. Foos, Jr.

| For Party: | Summerhill, James L. |
|---|---|
| For Party: | Oakley Trucking, Inc. |
| File Stamp: | 06/28/2021 |

---

| 06/28/2021 | **Jury Trial Demand Filed** |
|---|---|

Jury Demand

| Filed By: | Summerhill, James L. |
|---|---|
| Filed By: | Oakley Trucking, Inc. |
| File Stamp: | 06/28/2021 |

---

| 06/28/2021 | **Motion for Enlargement of Time Filed** |
|---|---|

Motion for Enlargement of Time to File Responsive Pleading

| Filed By: | Summerhill, James L. |
|---|---|
| Filed By: | Oakley Trucking, Inc. |
| File Stamp: | 06/28/2021 |

---

| 06/29/2021 | **Automated ENotice Issued to Parties** |
|---|---|

Jury Trial Demand Filed ---- 6/28/2021 : Robert R. Foos;Stephen Andrew Oliver

---

| 06/29/2021 | **Order Granting Motion for Enlargement of Time** |
|---|---|

"Order" cc

| Judicial Officer: | Clark, Marla K |
|---|---|
| Order Signed: | 06/28/2021 |

---

| 06/30/2021 | **Automated ENotice Issued to Parties** |
|---|---|

Order Granting Motion for Enlargement of Time ---- 6/29/2021 : Robert R. Foos;Stephen Andrew Oliver

---

| 07/01/2021 | **Answer Filed** |
|---|---|

Defendants' Answer and Affirmative Defenses

| Filed By: | Summerhill, James L. |
|---|---|
| Filed By: | Oakley Trucking, Inc. |
| File Stamp: | 06/30/2021 |

---

| 07/01/2021 | **Order for Pretrial Conference** |
|---|---|

"Order Setting Pretrial Conference" cc

| Judicial Officer: | Clark, Marla K |
|---|---|
| Order Signed: | 07/01/2021 |

| 07/01/2021 | **Hearing Scheduling Activity** |
| | Pretrial Conference scheduled for 11/16/2021 at 10:00 AM. |

| 07/02/2021 | **Automated ENotice Issued to Parties** |
| | Order for Pretrial Conference ---- 7/1/2021 : Robert R. Foos;Stephen Andrew Oliver Hearing Scheduling Activity ---- 7/1/2021 : Robert R. Foos;Stephen Andrew Oliver |

| 11/16/2021 | **Pretrial Conference** |
| | Session: |
| | 11/16/2021 10:00 AM, Judicial Officer: Clark, Marla K |
| | Comment:                          Telephonic - Plaintiff's counsel shall initiate call |

## Financial Information

\* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

**Jennings, William L.**

Plaintiff

Balance Due (as of 07/15/2021)

**0.00**

### Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 157.00 | 0.00 | 157.00 |

### Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 06/15/2021 | Transaction Assessment | 157.00 |
| 06/15/2021 | Electronic Payment | (157.00) |

| This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record. |
|---|

STATE OF INDIANA              )          JOHNSON _____ COURT
                             ) SS:
COUNTY OF JOHNSON             )          CAUSE NO.

**Willian L. Jennings**,
and **Sherry Jennings**

    Plaintiffs,

    v.

**James L. Summerhill**,
individually, and **Oakley
Trucking, Inc.**

    Defendants.

## APPEARANCE

**Party Classification:**   Initiating ___XX___   Responding _____   Intervening _____

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):

   William and Sherry Jennings
   C/o Boren, Oliver & Coffey, LLP
   59 N. Jefferson Street
   Martinsville, Indiana 46151

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and (3) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

   Stephen A. Oliver
   BOREN OLIVER & COFFEY, LLP
   59 N. Jefferson Street
   Martinsville, IN 46151

   Phone: (765) 342-0147
   Fax: (765) 342-7322
   Email: steveoliver@boclawyers.com

[if any other attorneys, list on continuation page]

1

3.  There are other party members:  No

4.  *If first initiating party filing this case,* the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3):  CT

5.  I will accept service by FAX at the above noted number:  No
6.  I will accept service by Email at the above address:  Yes
       a. from other parties:  Yes
       b. from the court pursuant to Rule 72(D): _____

7.  This case involves support issues.  No
       a. if yes, supply socials security numbers for all family members on a separately attached document filed as confidential information on light green paper: _____

8.  There are related cases:  No

9.  This case involves a protection from abuse order, a workplace violence restraining order, or a no contact order:  No
       a. if yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner: _____

       Attorney's address: _____
       The   Attorney   General   Confidentiality   Program   Address:
       _____
       Another address: _____

10.  This case involves a petition for involuntary commitment:  No
       a.  if yes, above, provide the following regarding the individual subject to the petition for involuntary commitment: _____
       b.  name of the individual subject to the protection for involuntary commitment if it is     not     already     provided     in     #1     above:
       _____
       c.     State   of   Residence   of   person   subject   to   protection:
       _____
       d.  at least one of the following pieces of identifying information:
               i.  Date of Birth: _____
               ii.  Driver's License Number: _____
                 State where issued _____ Expiration date _____
               iii.  State ID number: _____
                 State where issued _____ Expiration date _____
               iv.  FBI number: _____
               v.  Indiana Department of Corrections Number: _____
               vi.  Social Security Number is available and is being provided in an attached confidential document:  Yes _____ No _____

11.  There are related cases:  No
       a. if yes, list on continuation page:

2

12.  Additional information required by local rule:
_____

13.  There are other party members:   No
      a.  if yes, list on continuation page:

14.  This form has been served on all other parties and Certificate of Service is attached:
Yes

Respectfully Submitted,

**BOREN, OLIVER & COFFEY, LLP**


/s/ Stephen A. Oliver
Stephen A. Oliver, #9942-55
Attorney at Law

3

## **CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing has been served upon

contemporaneously with a copy of the Complaint for Damages.


**BOREN, OLIVER & COFFEY, LLP**


/s/ Stephen A. Oliver
Stephen A. Oliver, #9942-55
Attorney at Law



Stephen A. Oliver, #9942-55
**BOREN, OLIVER & COFFEY, LLP**
59 N. Jefferson Street
Martinsville, Indiana 46151
Telephone: 765-342-0147
Telefax: 765-342-7322
Email: steveoliver@boclawyers.com

IN THE JOHNSON COUNTY SUPERIOR COURT

STATE OF INDIANA

| | | |
|---|---|---|
| WILLIAM L. JENNINGS and SHERRY JENNINGS, | ) ) ) | |
| Plaintiffs, | ) ) | CAUSE NO.: 41D04-2106-CT-000077 |
| v. | ) ) | |
| JAMES L. SUMMERHILL, INDIVIDUALLY, and OAKLEY TRUCKING, INC., | ) ) ) ) | |
| Defendants. | ) | |

## E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

**Party Classification:** Initiating _____   Responding _X_   Intervening _____

1.      The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):

**JAMES L. SUMMERHILL, INDIVIDUALLY, and OAKLEY TRUCKING, INC.**

2.      Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

**Robert R. Foos, Jr.**                     **Attorney #20885-45**
LEWIS WAGNER, LLP                     Phone: (317) 237-0500
1411 Roosevelt Avenue, Suite 102      Fax:   (317) 630-2790
Indianapolis, IN 46201                rfoos@lewiswagner.com

**IMPORTANT**: Each attorney specified on this appearance:
(a)      certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;
(b)      **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and
(c)      understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R.

2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3.     There are other party members: Yes _____ No __X__ (If yes, list on continuation page.)

4.     *If first initiating party filing this case,* the Clerk is requested to assign the case the following Case Type under Administrative Rule 8(b)(3): ___N/A___

5.     I will accept service by fax at the above noted number: Yes _____ No __X__
Counsel would represent to the court that fax service is acceptable in emergency situations.

6.     This case involves support issues. Yes _____ No __X__ (If yes, supply social security numbers for all family members on continuation page.)

7.     There are related cases. Yes _____ No __X__ *(If yes, list* on continuation page.)

8.     This form has been served on all other parties. Certificate of Service is attached.
Yes __X__    No _____

9.     Additional information required by local rule:

**LEWIS WAGNER, LLP**

By:     */s/Robert R. Foos, Jr.*_____
ROBERT R. FOOS, JR., #20885-45
**Counsel for Defendants, James L. Summerhill and Oakley Trucking, Inc.**

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2021, a copy of the foregoing was served on the following parties electronically by using the Court's IEFS System and U.S. Postal Service, pre-paid delivery for those parties not yet registered:

Stephen A. Oliver
BOREN, OLIVER & COFFEY, LLP
59 North Jefferson Street
Martinsville, IN 46151
steveoliver@boclawyers
***Counsel for Plaintiff***

By: /s/ *Robert R. Foos, Jr.* _____
    ROBERT R. FOOS, JR.

LEWIS WAGNER, LLP
1411 Roosevelt Avenue, Suite 102
Indianapolis, IN 46201
Telephone:    317-237-0500
Facsimile:    317-630-2790
rfoos@lewiswagner.com

| STATE OF INDIANA | ) | JOHNSON _____ COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF JOHNSON | ) | CAUSE NO. |

**Willian L. Jennings**,
and **Sherry Jennings**

     Plaintiffs,

     v.

**James L. Summerhill**,
individually, and **Oakley
Trucking, Inc.**

     Defendants.

## PLAINTIFF'S COMPLAINT FOR DAMAGES
## AND REQUEST FOR JURY TRIAL

Plaintiffs **William L. Jennings,** and **Sherry Jennings** by counsel Stephen A.

Oliver for their Complaint against **James L. Summerhill** and **Oakley Trucking,**

**Inc.,** an Arkansas corporation state as follows:

### General Allegations

William L. Jennings sustained serious injuries, from which he still suffers, due to a

motor vehicle collision which occurred on October 31st, 2019. The collision was caused by

Defendant James L. Summerhill, who was acting within the course and scope of his

employment with Defendant Oakley Trucking, Inc. at the time of the collision. But for the

negligent operation of the semi-tractor and trailer by James Summerhill, William L. Jennings

would not have been injured that day.

### Jurisdiction and Venue

1.     William and Sherry Jennings reside at 210 E. Poston Road, Martinsville, Indiana

    46151.

2.     Defendant James L. Summerhill (Summerhill) resides at 15300 Bauch Ln, Lot 1,

Little Rock, Arkansas 72206.

3.      Defendant Oakley Trucking, Inc. (Oakley) is an Arkansas corporation with offices located at 3700 Lincoln Ave, North Little Rock, Arkansas 27114.

4.      The collision occurred in Johnson County, Indiana, at the intersection of State Road 37 and State Road 144.

5.      This Court has jurisdiction under Indiana Trial Rule 4.4(a)(2) because this is a civil action between citizens of different states wherein the Defendants, who are non-residents, caused personal injury to Plaintiff William L. Jennings (William) in Johnson County, Indiana.

6.      Preferred venue is proper in this Court pursuant to Indiana Trial Rule 75(a)(3) because the collision giving rise to William Jennings' injuries occurred in Johnson County.

## **General Facts**

1.      William, on October 31, 2019, was driving his vehicle, a 2003 Chevrolet 2500, northbound on State Road 37 and was stopped at the stop light at the intersection of State Road 37 and State Road 144.

2.      Defendant Summerhill was driving a commercial semi-tractor  and trailer, a 2016 International Prostar, which was owned by and registered to Defendant Oakley, north bound on State Road 37.

3.      Defendant Oakley owned the semi-tractor and trailer driven by Defendant Summerhill at the time of the collision. The semi-tractor and  trailer were registered to Defendant Oakley Trucking, Inc., and was being driven by Oakley's employee and or agent, Defendant Summerhill.

4.   At the time of the collision, William was stopped for a red light, in the north bound right hand lane of State Road 37 at its intersection with State Road 144, in Johnson County Indiana.

5.   Defendant Summerhill, also north bound on State Road 37, struck William's stationary vehicle from behind.

6.   Defendant Summerhill stated to police that while driving northbound on State Road 37, he looked away from the road for a period for time, and when he returned his attention to what was ahead of him, cars were stopped in front of him at the stoplight, and he could not stop the vehicle in time to avoid hitting William's truck.

7.   The collision caused serious injury to William, which in turn resulted in the need for necessary and reasonable medical care that was and continues to be provided to William, including in-patient hospitalization and surgical intervention.

8.   As a result of the injuries sustained from the collision, William has incurred and may continue to incur in the future, reasonable and necessary medical expenses for treatment of those injuries.

9.   As a result of the injuries sustained from the collision, William  has suffered physical, emotional, and mental pain and suffering and may continue to experience the same in the future.

10.  The injuries sustained by William in the collision resulted in a significant and continuing loss of his ability to function as he did before those injuries, with a resulting negative impact on the quality of his life.

### Count I: Negligence of Defendant James Summerhill

1.   Defendant Summerhill owed a duty of care to the members of the driving public, including William, as an operator of a semi-tractor and trailer on public roads, and as a

CDL license holder.

2.    Defendant Summerhill was negligent in at least the following ways:

    a.    Following too closely;

    b.    Excessive speed under the circumstances;

    c.    Disregard of a traffic signal;

    d.    Failing to pay due care in attention to the road

    e.    Failing to abide by basic rules of the road;

    f.    Driving his vehicle in reckless disregard for the safety of other motorists;

    g.    Failing to drive defensively;

    h.    Failed to avoid the collision;

    i.    Failing to adhere to safe driving principles expected of professional truck drivers with commercial driver's licenses;

    j.    Failing to operate the semi-tractor  in accordance with generally accepted safety principles and practices of the trucking industry;

    k.    Otherwise failing to use that degree of care and caution that a reasonable and prudent person would have exercised under the same or similar circumstances.

3.    Defendant Summerhill's negligent conduct was the direct and or responsible cause of the collision with William's  truck and his resulting injuries.

4.     Defendant Summerhill's negligent conduct renders him liable to William for all damages sustained by Plaintiffs and  allowed under the law and as set forth more fully in the damages section below.

## **Count II: Liability of Oakley Trucking, Inc. for the Negligence of Defendant Summerhill**

1.   Defendant Oakley owned the semi-tractor and trailer driven by Defendant Summerhill at the time of the subject collision. The semi-tractor and trailer were registered to Defendant Oakley, and was being driven by their employee, Defendant Summerhill, in the course and scope of his employment.

2.   At the time of the subject collision, Defendant Summerhill was acting as an agent of Defendant Oakley. Defendant Summerhill was operating the semi-tractor and trailer involved in the collision with William's vehicle, under Defendant Oakley's authority to operate a commercial vehicle in interstate commerce  to haul goods, under the United States Department of Transportation (USDOT) permit number (0000003259) and Motor Carrier permit number MC-156647.

3.    Under the principles of *respondeat superior* and actual agency, Defendant Oakley is vicariously liable and legally responsible for the negligent acts and omission of Defendant Summerhill in his operation of the semi-tractor and trailer on the date of the collision.

4.   By virtue of imputed liability, Defendant Oakley is liable to Plaintiffs for all damages allowed under the law and as set forth more fully in the damages section  to follow.

5.   In the alternative, Defendant Oakley is liable to Plaintiffs by virtue of statutory vicarious liability even if Oakley  did not own the semi-tractor or trailer  that was being operated by Defendant Summerhill, as Summerhill was operating that semi-tractor and trailer under the USDOT permits issued to Oakley , and therefore both Summerhill and Oakley are subject to the Federal Motor Carrier Safety Regulations (FMCSR) pursuant to  49 U.S.C. § 14102 and 49 C.F.R. §376.1 et. seq.

### Damages

1.   As a direct result of Defendants' negligence, the Plaintiffs  have incurred and are entitled to recover special damages. These damages  include  but are not limited to medical expenses that have already accrued, medical expenses that continue to accrue because of Defendant Summerhill's negligent actions, and other miscellaneous expenses, in an amount that is sufficient to compensate them for those losses and damages

2.   As a result of his injuries William has received  and will continue to receive medical and hospital care and treatment furnished by the United States of America. William, for the sole use and benefit of the United States of America, under the provisions of 42 U.S.C., section 2652 and 38 U.S.C., section 1729, and with its express consent, asserts a claim for the reasonable value of said past and future medical care and treatment.

3.   As a result of the collision, William has suffered physical injuries, including but not limited to bilateral diaphragmatic paralysis, with a resulting negative impact on his ability to engage in the activities of daily living and a loss of quality of life.

4.   Plaintiff Sherry Jennings, for her claim against the Defendants, asserts a claim for loss of consortium as a result of the allegations previously set forth in Counts I and II and in support of that claim states as follows:

     a.   That at all times material to this action Sherry was and continues to be the wife of William.

     b.   That as a result of the injuries suffered by William, Sherry has suffered a loss of consortium, loss of services, and has been denied considerable love and affection of her husband.

Wherefore, Plaintiffs William and Sherry Jennings request judgment against the

Defendants in an amount sufficient to compensate them for their injuries and losses suffered, for costs of this action and for all other just and proper relief.

### Request for Jury Trial

Plaintiffs request that this matter be tried by Jury, pursuant to Trial Rule 38 of the Indiana Rules of Trial Procedure.

Respectfully Submitted,

**BOREN, OLIVER & COFFEY, LLP**

/s/ Stephen A. Oliver
Stephen A. Oliver, #9942-55
Attorney for Plaintiffs

Stephen A. Oliver, #9942-55
**BOREN, OLIVER & COFFEY, LLP**
59 North Jefferson Street
Martinsville, Indiana 46151
Telephone: 765-342-0147
Telefax: 765-342-7322
Email: steveoliver@boclawyers.com

IN THE JOHNSON COUNTY SUPERIOR COURT

STATE OF INDIANA

| | | |
|---|---|---|
| WILLIAM L. JENNINGS and SHERRY JENNINGS, | ) ) ) | |
| Plaintiffs, | ) ) | CAUSE NO.:  41D04-2106-CT-000077 |
| v. | ) ) | |
| JAMES L. SUMMERHILL, INDIVIDUALLY, and OAKLEY TRUCKING, INC., | ) ) ) ) | |
| Defendants. | ) | |

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Now comes Defendants James L. Summerhill and Oakley Trucking, Inc., by and through counsel, and hereby offer the following response to Plaintiffs' Complaint for Damages:

1. Defendants admit the factual allegations contained in one paragraph of Plaintiff's Complaint for Damages.

2. Defendants admit the factual allegations contained in paragraph two of Plaintiff's Complaint for Damages.

3. Defendants admit the factual allegations contained in paragraph three of Plaintiff's Complaint for Damages.

4. Defendants admit the factual allegations contained in paragraph four of Plaintiff's Complaint for Damages.

5. Defendants deny that the Johnson County Courts have jurisdiction over this claim as the case has been removed.

6.  Defendants deny that the Johnson County Courts have jurisdiction over this claim as the case has been removed.

## General Facts

1.  Defendants admit the factual allegations contained in paragraph one of General Facts of Plaintiff's Complaint for Damages.

2.  Defendants admit the factual allegations contained in paragraph two of General Facts of Plaintiff's Complaint for Damages.

3.  Defendants admit the factual allegations contained in paragraph three of General Facts of Plaintiff's Complaint for Damages.

4.  Defendants admit the factual allegations contained in paragraph four of General Facts of Plaintiff's Complaint for Damages.

5.  Defendants admit the factual allegations contained in paragraph five of General Facts of Plaintiff's Complaint for Damages.

6.  Defendants admit the factual allegations contained in paragraph six of General Facts of Plaintiff's Complaint for Damages.

7.  Defendants lack sufficient information to either admit or deny the factual allegations contained in paragraph seven of General Facts of Plaintiff's Complaint for Damages.

8.  Defendants lack sufficient information to either admit or deny the factual allegations contained in paragraph eight of General Facts of Plaintiff's Complaint for Damages.

9.  Defendants lack sufficient information to either admit or deny the factual allegations contained in paragraph of General Facts of Plaintiff's Complaint for Damages.

10. Defendants lack sufficient information to either admit or deny the factual allegations contained in paragraph ten of General Facts of Plaintiff's Complaint for Damages.

## Count I: Negligence of Defendant James Summerhill

1. Defendants admit the factual allegations contained in paragraph one of Count I of Plaintiff's Complaint for Damages.

2. Defendants admit the factual allegations contained in paragraph two, subparagraphs a, d, h, i, and j of Count I of Plaintiff's Complaint for Damages. Defendants deny the factual allegations contained in paragraph two, subparagraphs b, c, e, f, g, and k of Count I of Plaintiff's Complaint for Damages.

3. Defendants admit that Summerhill's conduct was a direct and/or responsible cause of the collision. Defendants deny the remainder of paragraph three of Count I of Plaintiff's Complaint for Damages.

4. Defendants lack sufficient information to either admit or deny the factual allegations contained in paragraph four of Count I of Plaintiff's Complaint for Damages.

## Count II: Liability of Oakley Trucking, Inc. for the Negligence of Defendant Summerhill

1. Defendants admit the factual allegations contained in paragraph one of Count II of Plaintiff's Complaint for Damages.

2. Defendants admit the factual allegations contained in paragraph two of Count II of Plaintiff's Complaint for Damages.

3. Defendants admit the factual allegations contained in paragraph three of Count II of Plaintiff's Complaint for Damages.

4. Defendants deny the factual allegations contained in paragraph four of Count II of Plaintiff's Complaint for Damages.

5. Defendants admit the factual allegations contained in paragraph five of Count II of Plaintiff's Complaint for Damages.

**<u>Damages</u>**

1. Defendants lack sufficient information to either admit or deny the factual allegations contained in paragraph one of Damages of Plaintiff's Complaint for Damages.

2. Defendants lack sufficient information to either admit or deny the factual allegations contained in paragraph two of Damages of Plaintiff's Complaint for Damages.

3. Defendants lack sufficient information to either admit or deny the factual allegations contained in paragraph three of Damages of Plaintiff's Complaint for Damages.

4. Defendants lack sufficient information to either admit or deny the factual allegations contained in paragraph four of Damages of Plaintiff's Complaint for Damages, including subparts a-b thereto.

WHEREFORE, Defendants pray that Plaintiff take nothing by way of his Complaint for Damages and for all other relief just and proper under the circumstances.

LEWIS WAGNER, LLP

By:   */s/Robert R. Foos, Jr.* _____
ROBERT R. FOOS, JR., #20885-45
***Counsel for Defendants***

4

## **AFFIRMATIVE DEFENSES**

Now come Defendants, by counsel, and offer the following Affirmative Defenses to Plaintiff's Complaint for Damages:

1. Plaintiffs' claims should be barred or reduced as a result of his own comparative fault, including but not limited to failure to mitigate any incurred risk.

2. Plaintiff failed to mitigate his damages.

3. For further response to Plaintiff's Complaint, Defendant specifically reserves the right to introduce into evidence proof of collateral source payments received by or on behalf of the Plaintiff pursuant to the applicable provisions of I.C. 34-44-1-1, et seq., in the event it is subsequently determined that such payments were made and are an appropriate matter for consideration by the jury.

4. Some or all of Plaintiff's alleged personal injuries may have been pre-existing or caused by another accident or traumatic event.

5. Some or all of Plaintiff's medical expenses may have been reduced by write-offs, set-offs, and/or adjustments in accordance with *Stanley v. Walker* and/or *Patchett v. Lee*.

6. Plaintiff may have been fully or partially compensated for his injuries and/or damages by third parties.

7. Defendant hereby reserves the right to assert any additional affirmative defenses, as they may become known through the course of discovery.

LEWIS WAGNER, LLP


By:    */s/Robert R. Foos, Jr.* _____
        ROBERT R. FOOS, JR., #20885-45
        ***Counsel for Defendants***


## CERTIFICATE OF SERVICE

     I hereby certify that on June 30, 2021, a copy of the foregoing was served on the following parties electronically by using the Court's IEFS System and U.S. Postal Service, pre-paid delivery for those parties not yet registered:

Stephen A. Oliver
BOREN, OLIVER & COFFEY, LLP
59 North Jefferson Street
Martinsville, IN 46151
steveoliver@boclawyers
***Counsel for Plaintiff***


By: */s/ Robert R. Foos, Jr.* _____
     ROBERT R. FOOS, JR.

LEWIS WAGNER, LLP
1411 Roosevelt Avenue, Suite 102
Indianapolis, IN 46201
Telephone:    317-237-0500
Facsimile:    317-630-2790
rfoos@lewiswagner.com

6

IN THE JOHNSON COUNTY SUPERIOR COURT

STATE OF INDIANA

| | | |
|---|---|---|
| WILLIAM L. JENNINGS and SHERRY JENNINGS, | ) ) ) | |
| Plaintiffs, | ) ) | CAUSE NO.:  41D04-2106-CT-000077 |
| v. | ) ) ) | |
| JAMES L. SUMMERHILL, INDIVIDUALLY, and OAKLEY TRUCKING, INC., | ) ) ) ) | |
| Defendants. | | |

## JURY DEMAND

Defendants, James L. Summerhill and Oakley Trucking, Inc. by counsel, pursuant to Trial Rule 38(B) of the Indiana Rules of Trial Procedure, respectfully request that this cause of action be tried by a jury.

**LEWIS WAGNER, LLP**


By:  */s/Robert R. Foos, Jr.*_____
      ROBERT R. FOOS, JR., #20885-45
      ***Counsel for Defendants, James L. Summerhill and Oakley Trucking, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2021, a copy of the foregoing was served on the following parties electronically by using the Court's IEFS System and U.S. Postal Service, pre-paid delivery for those parties not yet registered:

Stephen A. Oliver
BOREN, OLIVER & COFFEY, LLP
59 North Jefferson Street
Martinsville, IN 46151
steveoliver@boclawyers
***Counsel for Plaintiff***

By: /s/ *Robert R. Foos, Jr.*
ROBERT R. FOOS, JR.

LEWIS WAGNER, LLP
1411 Roosevelt Avenue, Suite 102
Indianapolis, IN 46201
Telephone:    317-237-0500
Facsimile:    317-630-2790
rfoos@lewiswagner.com

IN THE JOHNSON COUNTY SUPERIOR COURT

STATE OF INDIANA

| | | |
|---|---|---|
| WILLIAM L. JENNINGS and SHERRY JENNINGS, | ) ) ) | |
| Plaintiffs, | ) ) | CAUSE NO.:  41D04-2106-CT-000077 |
| v. | ) ) ) | |
| JAMES L. SUMMERHILL, INDIVIDUALLY, and OAKLEY TRUCKING, INC., | ) ) ) ) | |
| Defendants. | | |

## **DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSIVE PLEADING**

Defendants, James L. Summerhill and Oakley Trucking Inc., by counsel, move the Court for an enlargement of time of thirty (30) days in which to answer or otherwise respond to Plaintiff's Complaint for Damages, up to and including August 9, 2021, and in support thereof would show the Court as follows:

1.     That a responsive pleading is due on or about July 8, 2021 and said time has not expired.

2.     No prior enlargements of time have been requested.

3.     Undersigned counsel has only recently been retained and said additional time is necessary to enable counsel to confer with their client to review the facts and prepare an appropriate response.

WHEREFORE, Defendants, James L. Summerhill and Oakley Trucking Inc., by counsel, pray for an additional thirty (30) days in which to answer or otherwise respond to Plaintiff's

Complaint for Damages, through and including August 9, 2021, and for all other just and proper

relief in the premises.

**LEWIS WAGNER, LLP**

By:    /s/Robert R. Foos, Jr.
          ROBERT R. FOOS, JR., #20885-45
          ***Counsel for Defendants, James L. Summerhill
          and Oakley Trucking, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2021, a copy of the foregoing was served on the
following parties electronically by using the Court's IEFS System and U.S. Postal Service, pre-
paid delivery for those parties not yet registered:

Stephen A. Oliver
BOREN, OLIVER & COFFEY, LLP
59 North Jefferson Street
Martinsville, IN 46151
steveoliver@boclawyers
***Counsel for Plaintiff***

By: /s/ Robert R. Foos, Jr.
       ROBERT R. FOOS, JR.

LEWIS WAGNER, LLP
1411 Roosevelt Avenue, Suite 102
Indianapolis, IN 46201
Telephone:    317-237-0500
Facsimile:     317-630-2790
rfoos@lewiswagner.com

STATE OF INDIANA        )      IN THE JOHNSON SUPERIOR COURT 4

                             ) SS:

COUNTY OF JOHNSON     )      CAUSE NO.:41D04-2106-CT-000077

SHERRY JENNINGS AND      )

WILLIAM L. JENNINGS,       )

     Plaintiffs,              )

                             )

     v.                      )

                             )

JAMES L. SUMMERHILL AND    )

OAKLEY TRUCKING, INC.,      )

     Defendants.            )

## ORDER SETTING PRE-TRIAL CONFERENCE

The Court now schedules this matter for a Pre-Trial Conference on **November 16, 2021 at 10:00 a.m. (15 minutes allotted).** All counsel of record should attend and be prepared to discuss:

1. Respective theories of case.

2. Status of settlement.

3.  Potential discovery problems and cutoff dates.

4. Anticipated Pre-Trial motions and cutoffs dates.

5. Anticipated length of Trial

6. Potential Trial date. (IT IS MANDATORY THAT PERSONS ATTENDING HAVE, OR BE FAMILIAR WITH, TRIAL COUNSEL'S CALENDAR)

**Parties may attend TELEPHONICALLY. If calling the Court directly, the call shall be initiated by Plaintiff's counsel. Once all parties are on the line, you may call (317) 346-4362 to be connected to the Court. Please notify the Court of attendance arrangements at (317) 346-4362.**

From this conference, the Court will enter an Order that will dictate scheduling and procedure for the Final Pre-Trial Conference and Trial.

**SO ORDERED ON** _____July 1, 2021_____

Hon Marla K. Clark, Judge
**JOHNSON SUPERIOR COURT 4**

Distribution:

Stephen A. Oliver, Esq.
Robert R. Foos, Esq.

IN THE JOHNSON COUNTY SUPERIOR COURT

STATE OF INDIANA

| | | |
|---|---|---|
| WILLIAM L. JENNINGS and SHERRY JENNINGS, | ) ) ) | |
| Plaintiffs, | ) ) | CAUSE NO.:  41D04-2106-CT-000077 |
| v. | ) ) | |
| JAMES L. SUMMERHILL, INDIVIDUALLY, and OAKLEY TRUCKING, INC., | ) ) ) ) | |
| Defendants. | | |

## **ORDER**

Defendants, James L. Summerhill and Oakley Trucking, Inc., by counsel, files herein their Motion for Enlargement of Time in which to respond to Plaintiff's Complaint for Damages and/or any discovery including Request for Admissions that may have been filed with the Summons and Complaint.

And the Court being duly advised, now grants said Motion.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendants, James L. Summerhill and Oakley Trucking, Inc., are granted a period of time through and including August 9, 2021, in which to answer or otherwise respond to Plaintiff's Complaint for Damages and/or any discovery including Request for Admissions that may have been filed with the Summons and Complaint.

Dated: __June 28, 2021__

_Marla Clark_
_____
JUDGE, SUPERIOR COURT FOR JOHNSON COUNTY

Distribution:


Robert R. Foos, Jr.
LEWIS WAGNER, LLP
1411 Roosevelt Avenue, Suite 102
Indianapolis, IN 46201
Telephone:      317-237-0500
Facsimile:      317-630-2790
rfoos@lewiswagner.com

Stephen A. Oliver
BOREN, OLIVER &
COFFEY, LLP
59 North Jefferson Street
Martinsville, IN 46151
steveoliver@boclawyers